UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-62572

**LINDA KULMANN,**

    Plaintiff,

v.

**NATALIE RINALDI,** *et al.***,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted now (at the screening stage),[1] and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th

---

[1] Plaintiff has sought leave to proceed *in forma pauperis*. [DE 3]. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply here. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Cir. 1999) (citations omitted).  "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things."  *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)).  "A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  *Id.* (quoting *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017)).

Significantly, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."  *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) ("It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002))).  "If the plaintiff fails to shoulder that burden, the case must be dismissed." *Williams*, 839 F.3d at 1314 (citing *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008)); *see also* Fed. R. Civ. P. 12(h)(3) (""If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice." (citation omitted)).

Here, Plaintiff has failed to satisfy her burden to show that this Court has subject matter jurisdiction[2] – even after the entry of an Order to Show Cause [DE 8] requiring Plaintiff to file a written response to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. In that Order to Show Cause, I observed the following:

> Here, as an initial matter, it is unclear whether Plaintiff's case-initiating document [DE 1] is a Complaint or a Notice of Removal. On the one hand, DE 1 appears to be labeled as a Complaint. On the other hand, however, immediately above "Complaint," DE 1 states, "Removal of State Case to Federal District Court." DE 1 also references Plaintiff's prior attempt to remove a state court probate case (apparently to federal court in Connecticut). Nevertheless, it is unclear from the substance of DE 1 whether Plaintiff – through this action – is attempting to remove a state court action to federal court or whether Plaintiff is attempting to file a new lawsuit.
> At any rate, regardless of whether Plaintiff is attempting to remove a state court action or file a new action, DE 1 seems to be seeking to have this Court interfere in the administration of a decedent's estate, which this Court cannot do. For instance, DE 1 concludes by stating that Plaintiff's "father's estate must be lawfully administered in FL under diversity jurisdiction." [DE 1] at 4. However, "a federal court may not exercise diversity jurisdiction over state probate matters." *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1356 (11th Cir. 2021). The probate exception to federal diversity jurisdiction "reserves to state probate courts [1] the probate or annulment of a will and [2] the administration of a decedent's estate . . . [and] also bars federal courts from [3] disposing of property that is in the custody of a state probate court." *Id.* (internal citation and quotation marks omitted) (alteration adopted).

[DE 8] (footnote omitted).

---

[2] Plaintiff is *pro se*, and *pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants (like all litigants) are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

Plaintiff did respond to the Order to Show Cause. [DE 12, 20]. But if anything, her response creates more confusion, and, regardless, fails to establish that this Court has subject matter jurisdiction over this action. *See id*. For starters, Plaintiff states, "[i]n response as to whether this is a removal or a complaint, it's both." [DE 20] at 4.

At any rate, whether Plaintiff removed a state court action or filed a new action, she has failed to establish that this Court has subject matter jurisdiction. If Plaintiff removed an action to this Court, it appears based on her filings in this case that she was possibly attempting to remove a state court probate proceeding from state court in Broward County (Case No. PRC240000711; hereinafter, the "Probate Case"). That appears to be the only Broward County, Florida case referenced in Plaintiff's filings in this case. But wholesale removal of the Probate Case is improper. After all, "a federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946).

As to Plaintiff's contention that she has filed a separate lawsuit, Plaintiff indicates that she is seeking to pursue a claim for tortious interference with expectancy of inheritance against the executors of her father's estate. *See* [DE 20] at 4. And Plaintiff correctly recognizes (*see id.* at 4-5) that the probate exception does not prevent her from bringing such a claim (a state law tort) in federal court *so long as diversity jurisdiction exists*. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (emphasis added) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and *otherwise within federal jurisdiction*."). However, Plaintiff has failed to show that diversity jurisdiction exists. She has not alleged the citizenship of the parties to this action, notwithstanding the entry of the Order

4

to Show Cause requiring her to show why this matter should not be dismissed for lack of subject matter jurisdiction. Regardless, both Plaintiff and the individuals against whom she seeks to assert a tortious interference claim appear to be citizens of Connecticut.[3] Therefore, diversity jurisdiction would not exist. At bottom, Plaintiff has failed to establish that this Court has subject matter jurisdiction even though it was her burden to do so. Therefore, this action should be dismissed without prejudice.[4]

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be denied as moot.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[5]

---

[3] To be sure, Plaintiff has only indicated that both she and the executors *reside* in Connecticut. *See, e.g.*, [DE 9]. While residency is not equivalent to citizenship, Plaintiff's allegation gives reason to believe that both she and the executors are citizens of Connecticut. And, at any rate, there is no indication in the record that complete diversity exists.

[4] Were this a removal case, remand (rather than dismissal) would be appropriate. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). However, given that Plaintiff's largely incoherent filings have made it impossible to determine whether this action is in fact one she removed from state court (as opposed to a new lawsuit), dismissal without prejudice is appropriate.

[5] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of January 2026.

                                                 */s/ Jared Strauss*
                                                 **Jared M. Strauss**
                                                 **United States Magistrate Judge**